**SIGNED.**

Dated: May 13, 2009



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| DANNY FRANK WILES | ) ) | No. 4:07-bk-01795-JMM |
| Debtor. | ) ) | Adversary No. 4:08-ap-00744-JMM |
| CYNTHIA WILES, | ) ) | **MEMORANDUM DECISION** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| DANNY FRANK WILES, | ) ) | |
| Defendant. | ) ) | |

Before the court are motions for summary judgment, filed by both the Plaintiff (DN 5) and Defendant / Debtor (DN 6). Because neither side asserts the existence of any material, genuine or disputed issues of fact, the court can decide the most significant issue as a matter of law.

### A. Support or Property Settlement?

The sole issue before the court is: Is the Defendant's court-ordered obligation to pay Plaintiff $150,000 a property settlement agreement or an obligation which is "in the nature of support?" If the latter, the debt is non-dischargeable. If the former, then the debt may be treated as an unsecured claim in the Defendant's Chapter 13 plan, and be paid less than fully.

The parties have had three separate rulings and orders on this point. They were:

1. The decree of dissolution, entered March 21, 2005, wherein para. 7 provided that the $150,000 represented both a division of property and was "also . . . in the nature of support . . .," as it assisted Plaintiff in making payments on the residence awarded to her.
2. An order refusing to terminate payment of the $150,000, upon Plaintiff's remarriage, in August 2006, finding the payment to be "both an equitable division of property and a spousal maintenance payment."
3. An appellate decision, entered May 30, 2007, in which the Arizona Court of Appeals acknowledged that Arizona law recognized certain types of monetary awards as being for both property settlement or support payments, or both. In the process, it affirmed the trial court's decision on the remarriage question.

In the appellate decision, the Court of Appeals held that the disputed paragraph was one of the approved, dual-nature categories.

Thus, none of the three decisions, referenced above, have left any doubt as to how the decree is meant to be treated. It is both a division of property and a support award, and as the former, it is "in the nature of support" (decree at para. 7). None of the decisions change that analysis.

The Defendant appears to argue that, by remarrying, Plaintiff is no longer in need of any support component. But Defendant has provided nothing in the record to bolster that argument, other than prior court decisions on that very point. There are no income tax returns, deposition or trial transcripts, nor any kind of financial statement, cash flow or income and expense figures which might either support the argument or require the court to conduct a trial on a disputed question of fact.

All of the admitted facts are consistent. The Arizona courts have found the $150,000 obligation to be, properly, both property division and spousal maintenance. It is long-established that a state court's characterization of an obligation is not necessarily binding upon a federal

1  bankruptcy court. Here, though, since there are no additional facts presented from which the
2  bankruptcy court could even begin to question the state court's rulings, this court cannot conclude
3  otherwise than the obligation is in the nature of support, and therefore non-dischargeable. The only
4  record presented leaves no doubt as to the outcome.

5  As a non-dischargeable obligation, the parties are free to return to the Pinal County
6  Superior Court to determine how much is still owing, whether there are delinquencies accrued or
7  accruing thereon, and whether non-payment is deserving of a contempt citation. For those purposes,
8  any applicable stays are lifted.

## **B. Amending the Plan**

12  Plaintiff also asks the bankruptcy court to order the Defendant to "amend" his
13  confirmed chapter 13 plan. That plan was confirmed, in parallel administrative proceedings, on
14  July 22, 2008. A confirmation order is a final order of a bankruptcy court. As such, any
15  disagreement with its contents must be appealed within ten days. FED. R. BANKR. P. 8002.

16  Because the confirmation order is final, this court has no power to order its
17  "amendment" in the absence of a motion for modification filed pursuant to 11 U.S.C. § 1329. The
18  Plaintiff's complaint in this case was filed for the purpose of addressing the dischargeability of her
19  debt, and no part of the complaint satisfies the required elements of a motion for modification, such
20  as the Defendant's changed circumstances enabling him to pay more each month to his Chapter 13
21  Trustee. Nor does FED. R. BANKR. P. 7001 permit a motion for plan modification to be brought as
22  an adversary proceeding.

23  Therefore, the prayer for modification of the Defendant's plan shall be denied, without
24  prejudice.

## C. Attorneys' Fees

Plaintiff seeks her attorneys' fees for filing this action, due to Defendant's "frivolous" and "unreasonable" positions. The Bankruptcy Code does not provide for attorneys' fees to be awarded on this basis for the usual divorce-related non-dischargeability litigation. In addition, Plaintiff has provided no federal legal authority to support this claim.

Accordingly, this request will be denied. Costs, however, in the amount of the complaint filing fee, will be allowed.

## D. Separate Order

A separate order will be entered. FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.

COPIES served as indicated below on
the date signed above:

David Anthony McCarville
McCarville Law Offices
501 N Florence St #101
Casa Grande, AZ 85222
Attorneys for Plaintiff                              Email: david@mccarvillelawoffices.com

Allan D. Newdelman
Allan D. Newdelman, P.C.
80 East Columbus Avenue
Phoenix, AZ 85012
Attorneys for Debtor                                 Email: anewdelman@uswest.net

Steven D. Keist
P.O. Box 1734
Glendale, AZ  85311-1734
Attorney for Defendant/Debtor                        Email:  skeist@keistlaw.com

Dianne Crandell Kerns, Trustee
7320 N. La Cholla #154
PMB 413
Tucson, AZ 85741-2305                                Email: mail@dcktrustee.com

| | |
|---|---|
| 1 | Office of the U.S. Trustee |
| 2 | 230 N. First Avenue, Suite 204<br>Phoenix, AZ 85003-1706 |
| 3 | |
| 4 | By   /s/ M.B. Thompson<br>      Judicial Assistant |